NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

IGOR VEDERNIKOV, on behalf of himself
and all others similarly situated,

    Plaintiffs,

v.

LTD FINANCIAL SERVICES, L.P.
and JOHN DOES 1-25,

    Defendants.

Case No. 3:18-cv-15217 (BRM)(LHG)

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

  Before the Court is Defendant LTD Financial Services, LP's ("LTD") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(a). (ECF No. 8-1.) Plaintiff Igor Vedernikov ("Vedernikov") opposes the Motion. (ECF No. 9.) Having reviewed the submissions filed in connection with the motion and having declined to hear oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, LTD's Motion for Summary Judgment is **GRANTED.**

**I. FACTUAL AND PROCEDURAL BACKGROUND**

  This dispute arises out of Vedernikov's putative class action claim, alleging LTD's debt collection practice violated the Fair Debt Collection Practice Act ("FDCPA") by failing to "convey the requirement that a consumer must dispute a debt in writing." (Compl. (ECF No. 1) ¶ 37.) Some time prior to August 10, 2018, Vedernikov allegedly defaulted on a credit card debt which was assigned for collection to LTD.[1] (ECF No. 8-2 ¶¶ 1-2.) To collect the debt, LTD mailed a collection

---

[1] Vedernikov initially incurred the debt with Barclays Bank Delaware. (ECF No. 8-2 ¶ 1.)

letter to Vedernikov on or about August 10, 2018 (the "Letter"). Vedernikov alleges the Letter violates the FDCPA by omitting the requirements that he must request validation and make any dispute in writing. (ECF No. 1 ¶ 34.) The Letter mailed to Vedernikov contains a "G-Notice," which states:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any potion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment, if any, and mail you a copy of such verification or judgment. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

(ECF No. 1, Ex. A)

On October 23, 20178 Vedernikov filed his two-count FDCPA Complaint. (ECF No. 1.) On May 10, 2019, LTD filed this Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(a). (ECF No. 8.) On May 18, 2019, Vedernikov filed an opposition to LTD's Motion for Summary Judgment. (ECF No. 9.)

**II. LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it

---

Thereafter, Barclays Bank Delaware contracted with LTD to collect the alleged debt. (ECF No. 8-1 ¶ 2.)

2

has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006); *see also Anderson*, 477 U.S. at 248. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino*, 358 F.3d at 247 (quoting *Anderson*, 477 U.S. at 255)); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002).

The party moving for summary judgment has the initial burden of showing the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If the moving party will bear the burden of persuasion at trial, that party must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial." *Id.* at 331. On the other hand, if the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment may satisfy Rule 56's burden of production by either (1) "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) demonstrating "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Id.* Once the movant adequately supports its motion pursuant to Rule 56(c), the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324; *see also Matsushita*, 475 U.S. at 586; *Ridgewood Bd. of Ed. v. Stokley*, 172 F.3d 238, 252 (3d Cir. 1999). In deciding the

merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

There can be "no genuine issue as to any material fact," however, if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323; *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992).

## III. DECISION

LTD argues summary judgment should be granted because the language in the Letter complies with FDCPA requirements. (ECF No. 8-1 at 13.) LTD claims the statutory construction of the FDCPA does not require the insertion of the words "in writing," nor the removal of the word "if." (*Id.* at 4-5.) Vedernikov contends LTD's omission of the words "in writing" in the first sentence of the G-Notice was a per se violation of § 1692g(a)(3). (ECF No. 9 at 8.) Furthermore, he alleges LTD violated § 1692e by using the conditional word "if" in the G-Notice, which "communicated multiple and conflicting options for disputing the debt." (*Id.* at 19.)

Congress enacted the FDCPA in 1977 as a result of the abundance of "evidence of the use of abusive, deceptive, and unfair debt collection practices" and the inadequacy of existing laws and procedures designed to protect consumers. 15 U.S.C. § 1692(a), (b). *See Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 174 (3d Cir. 2015) (quoting 15 U.S.C. § 1692(e)) (noting the stated

4

purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors" and to promote further action to protect consumers against debt collection abuses). At the time, Congress was concerned that "[a]busive debt collection practices contribute[d] to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. 1692(a). "The right congress sought to protect in enacting this legislation was therefore not merely procedural, but substantive and of great importance." *Blaha v. First Nat'l Collection Bureau*, No. 16-2791, 2016 U.S. Dist. LEXIS 157575, at *23 (D.N.J. Nov. 10, 2016).

"Because the FDCPA is a remedial statute, we construe its language broadly so as to effect its purpose." *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011) (citing *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)). Accordingly, communications from lender to debtors are analyzed from the perspective of the "least sophisticated debtor." *Brown*, 464 F.3d at 454. "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." *Id.* at 453. Although the "least sophisticated debtor" standard is a legal standard, it "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354–55 (3d Cir. 2000). "Even the least sophisticated debtor is bound to read collection notices in their entirety." C*ampuzano–Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 299 (3d Cir. 2008).

To succeed on an FDCPA claim, a plaintiff must establish that: "(1) he is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to

5

collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014); *see also Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015).

Here, the parties do not dispute LTD's Letter is governed by and required to comply with the FDCPA, nor do they dispute the first three prongs of the statute. (ECF No. 8-2 ¶¶ 4-6.) Therefore, only the fourth prong—LTD's alleged violation of the FDCPA—is disputed. (ECF No. 8-2.)

Vedernikov argues the Letter violates two specific provisions of the FDCPA: (1) 15 U.S.C. § 1692g, which concerns the validation notice requirements necessary to inform consumers of their rights;[2] and (2) 15 U.S.C. § 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." (ECF No. 1 ¶¶ 42-51.) Both alleged violations are based on the content of the Letter—specifically, whether the G-Notice "convey[s] the requirement that a consumer must dispute a debt in writing." (ECF No. 1 ¶ 32.)

As Vedernikov concedes in his opposition brief, "[w]hen allegations under 15 U.S.C. § 1692e(10) are based on the same language or theories as allegations under 15 U.S.C. § 1692g, the analysis of the [§] 1692g claim is usually dispositive." (ECF No. 9 at 18 (citing *Caprio v. Healthcare Revenue Recovery Grp, LLC*, 709 F.3d 142, 146 (3d Cir. 2013).) *See also Cruz v. Fin. Recoveries*, No. 15-753, 2016 U.S. Dist. LEXIS 83576, at *11 (D.N.J. June 18, 2016) (ruling "when language is upheld pursuant to Section 1692g, that analysis is usually dispositive for Section

---

[2] A validation notice contains "the statements that inform the consumer how to obtain verification of the debt and that he has thirty days in which to do so." *Wilson*, 225 F.3d at 354.

1692e"). Accordingly, the analysis under the § 1692g claim is dispositive of Vedernikov's § 1692e(10) claim, and therefore, the Court begins its analysis there.

### A. 15 U.S.C. § 1692g Claim

Vedernikov claims LTD "violated 15 U.S.C. § 1692g by falsely misstating the consumer's rights by omitting the requirement that he must request validation and make any dispute of the debt in writing." (ECF No. 1 ¶ 50.) Under § 1692g(a)(3), the FDCPA requires a debt collector to send the consumer a written notice containing "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." 15 U.S.C. § 1692g(a)(3). Further, any "dispute of a debt must be in writing in order to be effective in this Circuit." *Caprio*, 709 F.3d at 146 (3d Cir. 2013).

The Letter mailed to Vedernikov contains, in relevant part, the following language:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any potion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment, if any, and mail you a copy of such verification or judgment. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

(ECF No. 1 Ex. A.)

Vedernikov argues the notice violates 15 U.S.C. § 1692g(a)(3) because it "failed to effectively notify [Vedernikov] that he was required to dispute the debt in writing." (ECF No. 9 at 17.) Specifically, Vedernikov contends LTD's failure to include "in writing" in the first sentence of the notice is a "per se violation" of § 1692(a)(3) under decisions from several courts in this

7

Circuit. (*Id.*)

Vedernikov relies on several cases from this Circuit finding nearly identical language to the Letter to be in violation of § 1692(a)(3), specifically two Eastern District of Pennsylvania cases and one District of New Jersey case: *Henry v. Radius Global Solutions, LLC*, 357 F. Supp. 3d 446, 458 (E.D. Pa 2019), *Durnell v. Stoneleigh Recovery Assocs., LLC*, No. 18-2335, 2019 U.S. Dist. LEXIS 2270 (E.D. Pa. Jan. 7, 2019), and *Vedernikov v. Mercantile Adjustment Bureau, LLC*, No. 18-17364, 2019 U.S. Dist. LEXIS 70033 (D.N.J. April 25, 2019). In *Henry*, Judge Kearney denied defendant debt collector's motion to dismiss the FDCPA claims against it, finding the language used in defendant's collection letter failed to convey to the least sophisticated consumer that any dispute to the debt must be in writing. *Henry*, 357 F. Supp. 3d at 458. Additionally, in *Durnell*, the court denied defendant debt collector's motion for summary judgment, once again finding that language similar to LTD's Letter violated § 1692g(a)(3) of the FDCPA. *Durnell*, 2019 U.S. Dist. LEXIS 2270 at *10. The court found that "because the validation notice does not expressly state that the debtor must dispute the debt in writing, the notice can reasonably be interpreted to allow a debtor to dispute the debt either orally or in writing." *Id.* at *8-9. Finally, in *Vedernikov*, the Court found a similar notice violated § 1692(a)(3) because the least sophisticated debtor "could understand this statement to mean that he could dispute the debt over the telephone." *Vedernikov*, 2019 U.S. Dist. LEXIS 70033 at *7.

LTD urges this court to adopt the opposite reasoning. In support of its argument, LTD also relies on several cases from this Circuit finding substantially similar language to the Letter to be in accordance with § 1692g(a)(3), including several from the District of New Jersey. (*See* ECF Nos. 11 & 12.)

In *Borozan v. Fin. Recovery Servs.*, No.17-11542, 2018 U.S. Dist. LEXIS 104691 (D.N.J. June 22, 2018) this court granted defendant debt collector's motion to dismiss for plaintiff's failure to state a claim under § 1692g. *Borozan*, 2018 U.S. Dist. LEXIS 104691 at *20. In granting the motion, the Court stated that the use of the word "unless" in the first sentence of the notice "informs the consumer the consequences if he or she fails to dispute the debt." *Id.* at *6. Further, the phrase "if you notify this office in writing" provides instructions on how to dispute the debt and the effect of disputing the debt . . . that closely tracks the statutory language provided in § 1692g(a), without provide confusing, alternative ways to dispute the debt that would contradict the validation notice. *Id.* This case is one of several in the District which found the statutory language sufficient in conveying to a debtor his or her rights under § 1692g(a)(3). *Bencosme v. Caine & Weiner*, No.18-07990, 2019 U.S. Dist. LEXIS 91109 (D.N.J. March 6, 2019) (finding language in validation notice nearly identical to LTD's to effectively convey the writing requirement for disputing a debt); *Magana v. Amcol Systems, Inc.*, No.17-11541, 2018 U.S. Dist. LEXIS 94779 (D.N.J. June 6, 2018) (same); *Reizner v. Nat'l Recoveries, Inc.*, No. 17-2572, 2018 U.S. Dist. LEXIS 74229 at *9 (D.N.J. May 2, 2018) (same); *Robinson v. Northland Grp., Inc.*, No. 17-12023, 2018 U.S. Dist. LEXIS 119518 (D.N.J. July 18, 2018) (same); *Ferrulli v. BCA Fin. Servs.*, No. 17-13177, 2018 U.S. Dist. LEXIS 168631 (D.N.J. Sep. 28, 2018) (same); *Portela v. Diversified Consultants, Inc.*, No. 17-3431, 2019 U.S. Dist. LEXIS 17885 (D.N.J. Feb. 5, 2019) (same).

This Court, in *Riccio v. Sentry Credit, Inc.*, analyzed a nearly identical validation notice, stating "it is clear from the plain language of [the letter] a dispute of the debt must be communicated in writing within thirty days." *Riccio v. Sentry Credit, Inc.*, No. 17-1773, 2018 U.S.

9

Dist. LEXIS 15661 at *4 (D.N.J. Jan. 31, 2018). The least sophisticated consumer is charged with reading the entire document and is assumed to understand the plain language of a standard validation notice. *Hernandez v. Mercantile Adjustment Bureau, LLC*, 2013 U.S. Dist. LEXIS 166836 (D.N.J Nov. 22, 2013) (noting, "a least sophisticated debtor would understand that the notification mentioned in the second sentence refers to the notification in the first sentence"). As this Court reasoned in *Borozan*, the use of the word "unless" in the first sentence informs the consumer the consequences of failing to dispute the debt, while the second sentence instructs how to dispute the debt. *Borozan*, 2018 U.S. Dist. LEXIS 104691 at *20. Because the Letter clearly conveys to the least sophisticated consumer the requirement disputes be submitted in writing, LTD did not violate the requirements of § 1692g(a)(3).

### B. 15 U.S.C. § 1692e Claim

Vedernikov's § 1692e claim is based on the same allegations as his § 1692g claim. Vedernikov argues the Letter "is open to more than one reasonable interpretation, at least one of which is inaccurate." (ECF No. 1 at 9.) Specifically, Vedernikov contends LTD's use of the conditional word "if" in the second and third sentences of its G-Notice "only further served to confuse [Vedernikov] as to whether he was required to dispute the debit in writing, or whether a verbal dispute would suffice." (ECF No. 9 at 18.)

Section 1692e forbids "the use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C.1692e. However, in this Circuit, "when allegations under 15 U.S.C. § 1692e(10) are based on the same language or theories as allegations under 15 U.S.C. § 1692g, the analysis of the § 1692g claim is usually dispositive." *Caprio*, 709 F.3d at 155. Therefore, based on the analysis above, because Vedernikov fails to state a claim under § 1692g, his claim under § 1692e also fails as a matter of law. Accordingly, LTD's debt collection letter

does not violate § 1692g or § 1692e(10) of the FDCPA, and LTD's Motion for Summary Judgment is **GRANTED.**

### III. CONCLUSION

For the foregoing reasons, LTD's Motion for Summary Judgment is **GRANTED**. An appropriate Order will follow.

**Date: January 22, 2020**　　　　　　　　　　　　　　*/s/ Brian R. Martinotti*
　　　　　　　　　　　　　　　　　　　　　　　　　　**HON. BRIAN R. MARTINOTTI**
　　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**